**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SANTIAGO BENITO CABALLERO CANO, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | No. 2:26-cv-02761-SHL-tmp |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On June 26, 2026, pro se Petitioner Santiago Benito Caballero Cano filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[2]  (ECF No. 2.)  Caballero Cano challenges his detention "without an individualized bond hearing before a neutral decisionmaker."  (Id. at PageID 2.)  Caballero Cano, a citizen of Nicaragua, has resided in the United States continuously since December 17, 2022.  (Id. at PageID 3.)  "He has strong family and community ties in the United States, including a fiancee and other relatives, and a history of lawful employment."  (Id.)  He has no criminal record.  (Id.)  On June 13, 2026, he was taken into ICE custody and remains

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, the Warden of the West Tennessee Detention Facility, David Venturella, Markwayne Mullin, and Todd Blanche are dismissed from the case.

[2] Along with the Petition, Caballero Cano filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction.  (ECF No. 3.)  That motion requests relief coterminous with the relief sought in the Petition.  Therefore, in the interest of judicial economy, that motion is **DENIED AS MOOT**.

detained at the West Tennessee detention facility.  (Id. at PageID 2.)  He seeks immediate release or a bond hearing.  (Id. at PageID 6.)  He served the Petition on Respondent on June 20.  (Id. at PageID 8.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     The Clerk of Court shall email copies of **the Petition (ECF No. 1) and this Order (ECF No. 6)** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)     Within **two business days** of the filing of this Order, Respondent shall respond to the Petition in writing.  If the basis of Caballero Cano's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)     Caballero Cano may file a reply after Respondent's responsive filing.

(4)     Respondent shall not transfer Caballero Cano out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 1st day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2