### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| SANTIAGO BENITO CABALLERO CANO, | ) | |
| Petitioner, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | No. 2:26-cv-02761-SHL-tmp |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office, | ) | |
| Respondent. | ) | |

### ORDER GRANTING PETITION

On June 26, 2026, pro se Petitioner Santiago Benito Caballero Cano filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 2.)  Caballero Cano challenges his detention "without an individualized bond hearing before a neutral decisionmaker."  (Id. at PageID 2.)  He seeks immediate release or a bond hearing.  (Id. at PageID 6.)  Respondent responded on July 7.  (ECF No. 8.)  Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026).  (ECF No. 8 at PageID 33.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

### BACKGROUND

Caballero Cano, a citizen of Nicaragua, has resided in the United States continuously since December 17, 2022.  (Id. at PageID 3.)  "He has strong family and community ties in the United States, including a fiancee and other relatives, and a history of lawful employment."  (Id.)  He has no criminal record.  (Id.)  On June 13, 2026, he was taken into ICE custody and remains

detained at the West Tennessee detention facility.  (Id. at PageID 2.)  He seeks immediate release

or a bond hearing.  (Id. at PageID 6.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter.  (ECF No. 8 at PageID

33.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not

apply to 'applicants for admission' who are not 'seeking admission.'"  Lopez-Campos, 175 F.4th

at 732.  Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust

administrative remedies" before granting relief.  (Id. at PageID 34.)  Specifically, according to

Respondent, "Petitioner should be required to first request a bond hearing in immigration court

before turning to federal court for habeas relief."  (Id. at PageID 33.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza

v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr.

23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal

questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile

because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v.

Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion,

requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec.

216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests

or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention."

Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated

that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to

immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10

(W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with <u>Lopez-Campos</u> and this Court's decision in <u>Villafranca Lara,</u> and after consideration of the record, the Petition is **GRANTED**.

## <u>CONCLUSION</u>

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 13th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3